UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROGRESSIVE ENTERPRISES, INC. /
CASTAWAYS YACHT CLUB,

    Plaintiff,

v.

M/Y AJARR (Official No. 1079835),
her engines, tackle, apparel, furniture,
equipment and all other necessaries
thereunto appertaining and belonging, *in rem*,

    and

BRIAN A. TRAVIS, *in personam*,

    Defendants.

CIVIL ACTION NO. _____

**WP4**

**07 CIV. 4567**

VERIFIED COMPLAINT
IN ADMIRALTY

---

Progressive Enterprises, Inc. / Castaways Yacht Club ("Plaintiff"), by and through its attorneys Palmer Biezup & Henderson LLP, files this Verified Complaint against the Motor Yacht AJARR (Official No. 1079835), her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging (collectively the "Vessel") *in rem*, and Brian A. Travis *in personam*, alleging upon information and belief as follows:

### PARTIES

1.    Plaintiff is a corporation duly formed and existing under the laws of the State of New York, with a principal place of business at 425 Davenport Avenue, New Rochelle, New York 10805.

2. The Vessel is a 40-foot Formula Thunderbird pleasure craft bearing Official No. 1079835 and Hull Identification No. TNRD7851G899 and is now within this district.

3. Mr. Travis is the owner of the Vessel, resides at 4973 Southshore Drive, New Port Richey, Florida 34652, has conducted and continues to conduct business in New York, and is subject to the jurisdiction of this Honorable Court.

## JURISDICTION

4. This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

5. Venue in this district is proper under the general maritime law.

## COUNT I - Against M/Y AJARR

6. The allegations of paragraphs 1 through 5 of this Complaint are repeated as if fully set forth herein.

7. Beginning in or about May 2002, and on the order of Mr. Travis, Plaintiff provided necessaries to the Vessel in the form of numerous services and materials, including but not limited to dockage, electricity, provisions, supplies, fuel, and repairs, which items together have a reasonable value of not less than $205,698.80 as close as may now be estimated.

8. Plaintiff has not been paid for the necessaries it has provided to the Vessel and, by reason of the foregoing, has a maritime lien against the Vessel and under 46 U.S.C. § 31342 may bring this Complaint against the Vessel *in rem* to enforce its lien.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Vessel *in rem* in the amount of $205,698.80 as close as can now be estimated, together with costs, interest, additional expenses as may accrue before entry of final judgment, and such other relief as the Court may deem proper.

### COUNT II - Against Brian A. Travis

9. The allegations of paragraphs 1 through 8 of this Complaint are repeated as if fully set forth herein.

10. Plaintiff provided numerous services and materials to the Vessel, including but not limited to dockage, electricity, provisions, supplies, fuel, and repairs, all at Mr. Travis's direction, and with his knowledge and agreement.

11. Despite due demand, Mr. Travis has not paid for the services and materials provided to the Vessel, and as a matter of general maritime law, he is personally liable for the reasonable value thereof, not less than $205,698.80 as close as may now be estimated.

WHEREFORE, Plaintiff prays that this Court enter judgment against Mr. Travis *in personam* in the amount of $205,698.80 as close as can now be estimated, together with costs, interest, additional expenses as may accrue before entry of final judgment, and such other relief as the Court may deem proper.

[signature on next page]

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: New York, New York
      May 24, 2007

By: _____
Michael B. McCauley (7231)
140 Broadway, 46th Floor
PMB 46030
New York, NY 10005
(212) 406-1855
(212) 858-7651 (Fax)
Attorneys for Plaintiff

PBH: 190172.1

## VERIFICATION

William Michaelis, being of full age, declares as follows:

1. I am the president of Progressive Enterprises, Inc. / Castaways Yacht Club, the Plaintiff in this matter, and I am authorized to make this declaration on its behalf.

2. The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

3. I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

4. Executed this ___ day of _May_, 2007.

_____
William Michaelis

FBH: 190172.1

5