UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROGRESSIVE ENTERPRISES, INC. /
CASTAWAYS YACHT CLUB,

    Plaintiff,

v.

M/Y AJARR (Official No. 1079835),
her engines, tackle, apparel, furniture,
equipment and all other necessaries
thereunto appertaining and belonging, *in rem*,

    and

BRIAN A. TRAVIS, *in personam*,

    Defendants.

CIVIL ACTION NO. _____

**WP4**

**07 CIV. 4567**

MOTION AND ORDER FOR
APPOINTMENT OF
SUBSTITUTE CUSTODIAN

---

Progressive Enterprises, Inc. / Castaways Yacht Club ("Plaintiff"), by and through its attorneys Palmer Biezup & Henderson LLP, having appeared and made the following recitals:

1.    On May 25, 2007, the Complaint herein was filed praying that the vessel AJARR, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2.    Plaintiff has moved for an order directing the Clerk of Court to issue a Warrant of Arrest of Vessel commanding the United States Marshal to arrest and take into custody the Defendant vessel and to detain the same in his custody until further Order of the Court.

PBH: 190156.1

1

3. It is contemplated that the United States Marshal will seize the Defendant vessel forthwith and that custody by the United States Marshal will require the services of one or more keepers and will entail charges for wharfage and the other services usually associated with safekeeping a vessel of this type.

4. The Defendant vessel is currently berthed at the Castaways Yacht Club, 425 Davenport Avenue, New Rochelle, NY 10805, which has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as the custodian upon order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $50.00 per day. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all charges due the Marshal have been paid.

5. By affidavit of its President, William Michaelis, appended hereto as Exhibit A and made a part hereof, Plaintiff avers that it has adequate facilities and supervision for proper maintenance and safekeeping of the vessel, her engines, tackle, appurtenance, furnishings, etc., and has presented proof of insurance sufficient to respond in the event of damage to the Defendant vessel, her engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents.

NOW, THEREFORE, IT IS HEREBY

ORDERED that Plaintiff, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, etc.; and it is further

ORDERED that Plaintiff shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody; and it is further

ORDERED that the United States Marshal shall surrender possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action and upon payment of the United States Marshal's costs; and it is further

ORDERED that Plaintiff be, and is hereby, appointed the custodian of the Defendant vessel to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further Order of the Court; and it is further

PBH: 190156.1

ORDERED that all United States Marshal's costs be paid prior to release of said vessel; and it is further

ORDERED that the substitute custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof; and it is further

ORDERED that Plaintiff's attorney will serve the owner of the Defendant vessel with a copy of this Order.

DATED this _31_ day of _May_, 2007, at ~~New York~~ White Plains, New York.

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE


Presented by: Palmer Biezup & Henderson LLP
By: Michael B. McCauley, Esq.
140 Broadway, 46th Floor
New York, NY 10005
Attorneys for Plaintiff

PBH: 190156.1

4

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

PROGRESSIVE ENTERPRISES, INC. /
CASTAWAYS YACHT CLUB,

CIVIL ACTION NO. 07 cv 4567 (WP4)

    Plaintiff,

v.

M/Y AJARR (Official No. 1079835),
her engines, tackle, apparel, furniture,
equipment and all other necessaries
thereunto appertaining and belonging, *in rem*,

    and

**DECLARATION OF
SUBSTITUTE CUSTODIAN**

BRIAN A. TRAVIS, *in personam*,

    Defendants.
---

    William Michaelis, being of full age, declares as follows:

    1.    I am the president of Progressive Enterprises, Inc. / Castaways Yacht Club ("Castaways Yacht Club"), and am familiar with the Defendant vessel, at least to the extent of her size, type, construction material and apparent condition, and I believe that Castaways Yacht Club has adequate facilities and supervision for and can safely keep said vessel in place of the United States Marshal during the pendency of this suit and until further order of the Court. In this regard, Castaways Yacht Club will provide all services necessary for the proper custody and safekeeping of the vessel during the substitute custodianship, including security, periodic inspections, and repairs and maintenance as may be necessary to ensure the safekeeping of the vessel.

PBH: 190156.1

1

2. The total charge for said services will be $50.00 per day.

3. Castaways Yacht Club has liability insurance adequate to respond in damages for loss of or injury to the Defendant vessel during the substitute custodianship. A true and correct copy of Castaways Yacht Club's proof of insurance is attached.

4. Castaways Yacht Club agrees to accept substitute custodianship of the Defendant vessel, her engines, tackle, apparel, furniture, equipment, etc., in accordance with the Court's Order for Appointment of Substitute Custodian.

5. All costs and expenses incidental to the keeping of the vessel will be paid by Plaintiff, and it is understood that the U.S. Marshal does not assume liability for any acts of the substitute custodian or any costs incurred incidental to this Court-appointed custodianship.

6. I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this ____ day of _____ 2007.

_____
William Michaelis

FHH: 190156.1

2

| | |
|---|---|
| **GREAT AMERICAN** INSURANCE GROUP | Administrative Offices<br>580 Walnut Street<br>Cincinnati, Ohio 45202<br>Tel: 1-513-369-5000 |

GAI 24 30 (Ed.08/05)

Policy: OMH 701-20-85 13
Renewal of: OMH 701-20-85 11

## MARINE COMPOSITE POLICY DECLARATIONS

| Named Insured and Address | Policy Period: |
|---|---|
| CASTAWAYS YACHT CLUB<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY 10805 | 12:01 A.M. Standard Time at the address of the Named Insured shown at left<br>From: 09/10/2006 To: 09/10/2007 |

| | |
|---|---|
| IN RETURN FOR PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY. | AGENT'S NAME AND ADDRESS:<br>J.A. FACCIBENE & ASSOCIATES<br><br>PO BOX 167<br>ROCKVILLE CTR, NY 11571 0167 |

Insurance is afforded by company indicated below:
(Each a capital stock corporation)
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

POLICY SECTIONS

I. BOAT DEALER'S COVERAGE FORM
II. MARINA OPERATOR'S LEGAL LIABILITY COVERAGE FORM
III. MARINE COMMERCIAL LIABILITY COVERAGE FORM
IV. PROTECTION & INDEMNITY COVERAGE FORM
V. OWNED WATERCRAFT COVERAGE FORM
VI. OWNED EQUIPMENT COVERAGE FORM
VII. MARINE COMPOSITE POLICY GENERAL EXCLUSIONS
VIII. MARINE COMPOSITE POLICY GENERAL CONDITIONS
IX. ADDITIONAL COVERAGE FORMS AND ENDORSEMENTS

SERVICE CHARGE

PREMIUM: $ 36,018.00
$ 0.00
TOTAL POLICY PREMIUM: $ 36,018.00

**SUBJECT TO CONDITIONS OF FORMS ATTACHED:**

Subject to the Schedule of Coverages on the following pages of this Declaration, and the terms and conditions of the Coverage Forms and Endorsements attached hereto. In the event that any of the clauses contained in Section VII. General Policy Exclusions or Section VIII. General Policy Conditions attached hereto are in conflict with the specific clauses contained in the Coverage Forms and Endorsements attached hereto, the specific clauses contained in the Coverage Form or Endorsement shall take precedence and be applicable.

GAI 24 30   08/05         (Page 1 of 5)

CR-12/15/05-OMH-701-2085-13  AGENTS COPY
0376660

**GREATAMERICAN**
INSURANCE GROUP

Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 24 30  (Ed.08/05)

Policy: OMH 701-20-85 13
Renewal of: OMH 701-20-85 11

## MARINE COMPOSITE POLICY DECLARATIONS

|  | DEDUCTIBLE AMOUNT | LIMIT OF LIABILITY | PREMIUM |
|---|---|---|---|
| **II. MARINA OPERATOR'S LEGAL LIABILITY COVERAGE** |  |  | $ 31,000.00 |
| A. ANY ONE ACCIDENT OR OCCURRENCE | $ 1,000 | $ 1,000,000 |  |

|  |  | RATE PER $100 |
|---|---|---|
| SALES, ADJUSTABLE | ANNUALLY at | .28 % |
| RECEIPTS, ADJUSTABLE | ANNUALLY at | 1.90 % |

a. DOCKAGE, MOORAGE, NON-RACK OUTSIDE STORAGE   AGREED
b. REPAIRS   AGREED
c. FUELING   AGREED
d. HAULING/LAUNCHING   AGREED
e. RACK STORAGE, INSIDE STORAGE   AGREED
f. BOAT RENTALS   AGREED
g. OTHER   AGREED

|  | DEDUCTIBLE AMOUNT | LIMIT OF INSURANCE | PREMIUM |
|---|---|---|---|
| **III. MARINE COMMERCIAL LIABILITY COVERAGE** | $ NONE |  | $ INCLUDED |
| A. GENERAL AGGREGATE LIMIT (OTHER THAN PRODUCTS/COMP OPS) |  | $ 2,000,000 |  |
| B. PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT |  | $ 1,000,000 |  |
| C. PERSONAL AND ADVERTISING INJURY LIMIT |  | $ 1,000,000 |  |
| D. EACH OCCURRENCE LIMIT |  | $ 1,000,000 |  |
| E. DAMAGE TO PREMISES RENTED TO YOU LIMIT |  | $ 100,000 |  |
| F. MEDICAL EXPENSE LIMIT |  | $ 5,000 |  |

GAI 24 30   08/05   (Page 3 of 6)