**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PROGRESSIVE ENTERPRISES, INC. /
CASTAWAYS YACHT CLUB

       -against-

M/Y AJARR (Official No. 1079835),
her engines, tackle, apparel, furniture,
equipment and all other necessaries
thereunto appertaining and belonging, *in rem*

NO. 07-cv-4567-KMK-LMS

IN ADMIRALTY

**MEMORANDUM OF LAW**
**IN SUPPORT OF JUDGMENT BY**
**DEFAULT *IN REM* AND ORDER**
**DIRECTING SALE OF VESSEL**

---

       Progressive Enterprises, Inc. / Castaways Yacht Club ("Progressive"), by and through its

attorneys Palmer Biezup & Henderson LLP, respectfully submits this Memorandum of Law

pursuant to the Court's Order to Show Cause dated November 29, 2007, which directed that

Progressive either serve Brian A. Travis with a copy of the Order and supporting papers or,

alternatively, provide an explanation and legal authority why default judgment should be entered

against the M/Y AJARR (the "Vessel") in the absence of such service.

       Progressive operates a marina and repair facility in New Rochelle and brought this suit in

admiralty to execute on a maritime lien for necessaries supplied to the Vessel.  Progressive's

complaint named both the Vessel *in rem* and Mr. Travis *in personam* as defendants because, at

the time the complaint was filed, Progressive believed that Mr. Travis was the owner of the

Vessel.

       When the complaint was filed, however, the question of the Vessel's ownership was the

subject of ongoing litigation in the Supreme Court of New York, Westchester County, captioned

*Brian Travis v. The Sunseeker Club at Castaways, Inc.* (Index No. 16222/03).  In that proceeding Mr. Travis alleged that he had entered into an agreement with The Sunseeker Club at Castaways, Inc. ("Sunseeker") to purchase the Vessel but that he had never received clear title.  Accordingly, Mr. Travis sought to rescind the purchase and obtain a refund of his purchase price.

On October 16, 2007, the Supreme Court ruled in Mr. Travis' favor, finding that there was a cloud on the Vessel's title when Mr. Travis entered into the purchase agreement with Sunseeker.  The cloud on title was apparently the result of a dispute between Sunseeker and the Vessel's prior owner.  Although that dispute was subsequently settled, at which point Sunseeker's ownership of the Vessel became clear, the Supreme Court ruled that Mr. Travis was entitled to a refund of his purchase price because Sunseeker's ownership had been open to question at the time Mr. Travis contracted to buy the Vessel.  A true and correct copy of the Supreme Court's decision is attached hereto as Exhibit A.

In light of the Supreme Court's decision, Sunseeker, not Mr. Travis, is the owner of the Vessel.  Accordingly, on October 29, 2007, Progressive filed a notice of dismissal dismissing Mr. Travis from this case, leaving the Vessel *in rem* as the only defendant.  This is also consistent with the practice in admiralty that a plaintiff seeking payment for maritime necessaries may elect to proceed *in rem*, or *in personam*, or by combination of the two.  *See* Supplemental Admiralty Rule C ("Except as otherwise provided by law a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable.").  The foregoing rule reflects what the law and practice has always been in this regard.  *See The Kalorama*, 77 U.S. 204, 210 (1869); *Edwards v. Elliott*, 88 U.S. 532, 557 (1874).  There is no requirement that a

plaintiff also prosecute an *in personam* claim alongside the *in rem* claim. "The maritime lien here claimed is a proprietary interest or right in the vessel itself, and entirely distinct from the cause of action or demand for personal judgment against its owner." *The Eastern Shore*, 24 F.2d 443, 444 (D. Md. 1928) (holding that a fuel supplier could proceed against the vessel *in rem* where a prior state court judgment for the value of fuel remained unsatisfied).

As set forth in counsel's Declaration in support of default judgment *in rem*, the newspaper publication required by Supplemental Admiralty Rule C(4) and Local Admiralty Rule C.2 occurred on November 2, 2007. Further, as required by Local Admiralty Rule C.3(a)(3), notice of the action and arrest has been served on Sunseeker, which is the owner of the Vessel and is the only entity known by Progressive who could assert an interest in the Vessel.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: New York, New York       By: _____
       December 6, 2007           Michael B. McCauley (7231)
                            140 Broadway, 46th Floor
                            PMB 46030
                            New York, NY 10005
                            (212) 406-1855
                            (212) 858-7651 (Fax)
                            Attorneys for Plaintiff

PBH: 193797.1