# EXHIBIT A

To commence the statutory time for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X
BRIAN TRAVIS,

                Plaintiff,

- against -

THE SUNSEEKER CLUB AT CASTAWAYS, INC.,

                Defendant.
---------------------------------------------------------------X
LIEBOWITZ, J.

FILED AND ENTERED ON 12-17-2007 WESTCHESTER COUNTY CLERK

DECISION

Index No. 16222/03

       The above action was tried before this Court without a jury starting on January 30, 2007 and concluding on February 6, 2007. The evidence consisted of oral testimony by witnesses for both sides, as well as documentary evidence submitted by both sides. Plaintiff and defendant submitted post-trial submissions and the matter was marked "fully submitted" as of May 22, 2007.

       Dr. Bruce Ross, who is not a party to this action, brought his boat "AJARR" to defendant The Sunseeker Club at Castaways, Inc., in March of 2002, with the intention of trading it in for a larger boat. Defendant operates a yacht dealership and is incorporated under New York law. Dr. Ross and defendant were unable (or Dr. Ross refused) to consummate the purchase of a

larger boat. During the interim, plaintiff, Brian Travis discovered that the "AJARR", a 40 foot Formula boat which plaintiff coveted, was on defendant's lot or boat yard. Plaintiff paid defendant $165,000.00 for "AJARR", which monies he seeks to recover herein. Defendant maintains that when Dr. Ross signed off on the purchase of a larger boat (which deal never crystallized) "AJARR" became defendant's boat which defendant was therefore able to sell to plaintiff.

However, when plaintiff and defendant executed the papers regarding the sale of "AJARR", defendant felt constrained to give the plaintiff only a copy of the documents of title. This is significant in view of the confrontation defendant had with Dr. Ross. Dr. Ross apparently felt that he had not conveyed "AJARR" to defendant. Shortly after the time plaintiff and defendant consummated their transaction, Dr. Ross returned to defendant's premises to demand the return of his boat. The resulting confrontation involved the police and the District Attorneys's Office. Ultimately, after Dr. Ross sued defendant in Supreme Court, Nassau County, defendant paid Dr. Ross $110,000.00 for "AJARR".

Thus it appears that defendant knew that it didn't have title to "AJARR" when it dealt with plaintiff and it was for this reason that defendant gave plaintiff a copy of the documents of title. Defendant later gave plaintiff the original documents, but until the settlement of the Nassau County case, defendant's interest in "AJARR" was in doubt. As a result, at the time plaintiff told defendant that he was no longer interested in buying the boat and that he wanted his money back, he should have been able to recover same. Judgment is therefore awarded to the plaintiff.

2

Plaintiff shall submit a Judgment on notice within thirty (30) days of the date hereof.

This constitutes the Decision of this Court.

Dated: White Plains, New York
October 16, 2007

*Richard B. Liebowitz*
RICHARD B. LIEBOWITZ
SUPREME COURT JUSTICE

David M. Richman, Esq.
Attorney for Plaintiff
360 Lexington Avenue
New York, New York 10017

Robert J. McGooy, Esq.
Attorney for Defendant
271 North Avenue
Suite 1012
New Rochelle, New York 10801